The opinion of the Court was delivered by
HugeR. J.
Prior to the Act of 1791,[1] 1 Faust, 65, 2 Brev. Dig. 304, the common method in this State of trying titles to land, was by an action of ejectment, regulated, however, by several statutory provisions. By the 4th section of the Act of 1712,[2] Public Laws, 101,.for settling the titles of the inhabitants of this province, &c., (Trott’s Laws, 257,) the action of ejectment “was restrained from being'brought more than once.” By the Act of 1744,[3] P. L. 191, “for allowing the plaintiff a demandant in ejectment to bring more than one action, for the recovery of lands, &e., only a second verdict or judgment, nonsuit or discontinuance, is conclusive on the plaintiff.” Nothing is said of the. defendant in ejectment. His situation was unchanged, and he could have brought' his action of ejectment after recovery had against him in a second action. In this situation stood the parties, until the year 1791, when the Legislature abolished the action of ejectment, and substituted therefor the action of. trespass. In the same Act, it is delated, “that every Act of Assembly relative to *koa-i actions of ejectment shall be construed* to relate to actions of tres-J pass, where the titles of land shall come in question. This Act transfers none of the peculiarities of an action of ejectment to trespass to try title to land, but such as has been created by Act. As the right of the defendant, therefore, to an action of ejectment after recovery had against him in a second action, did not grow out of the Acts of Assembly, it is not retained by the Act of 1791.
It. has been contended, that a change of action does not alter the rights of the parties, and therefore, in an action of trespass to try title, the parties retain the power of renewing the action as often as was permitted in the action of ejectment. The rights of the parties must not be confounded with the incidents peculiar to forms of action. The fictitious action of ejectment was substituted for a real action. As trespass to try title is now substituted for ejectment, were the rule contended for to prevail, trespass to try title, as well as ejectment, must be governed by the incidents peculiar to a real action. This doctrine would leave no other'difference between a real action, ejectment, and trespass to try title, than a name:- The Legislature, however, contemplated a greater change. *693 They were dissatisfied with the fictitious proceedings iu ejectment and their consequences, and therefore substituted the action of trespass.
Stark, for the motion. Blanding, contra.
The motion is refused.
Colcock and Johnson, JJ., concurred.
See Dyson v. Leek, 5 Strob. 142.

 5 Stat. 170, § 4; amended, 7 Stat. 276, § 16.

 2 Stat. 584.

 3 Stat. 612.